McClure v. Wade *et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

Curtin & Haynes, of Bristol, for appellant.

Ogle & Ogle, of Sevierville, for appellees.

474

MR. JUSTICE GAILOR delivered the opinion of the Court.

This controversy rises from an application by the Honorable R. L. Ogle, Sr., made in the County Court of Sevier County, to have his legal fees fixed for professional services rendered the estate of S. L. Atchley, deceased. Upon presentation of said application, the County Judge ordered a reference, upon which the County Court Clerk heard proof and fixed the fees. Exceptions were filed to the action of the County Court Clerk by both sides, and when the matter came on to be heard before the County Judge on said exceptions, he confirmed the finding of the Clerk, in part, and in part, modified the order of the Clerk.

This order of the County Judge was entered on May 28, 1952, both sides excepted, and prayed appeals.

Under authority of Code Sec. 8253, on May 28, 1952, the day that the order was entered in the County Court, the Honorable R. L. Ogle perfected his appeal to the Chancery Court of Sevier County. Three days later, on May 31, 1952, under authority of Code Sec. 9028, representatives of the estate filed an appeal bond and prayed an appeal to the Circuit Court.

Under the first appeal, the County Court Clerk sent the record to the Chancery Court. He did nothing about the appeal prayed to the Circuit Court, and in a letter which is filed with the record here, advised counsel for the estate, that the record had been sent to the Chancery Court in accordance with the terms of the first appeal perfected on May 28, 1952.

Thereupon, counsel for the estate filed petition for certiorari in the Circuit Court, seeking an order by the Circuit Judge, upon the County Court Clerk to have the record certified to the Circuit Court, to perfect the appeal under Code Sec. 9028. The Circuit Judge denied the writ, the Petitioner excepted, and perfected appeal from the order of the Circuit Judge denying the writ of certiorari. It is from this order of the Circuit Judge denying the writ, that the present appeal is here.

To support the appeal, it is insisted that Code Sec. 8253 applies only to appeals from final settlement of estates, that the present appeal is not from the final settlement of an estate, but only from a specific order limited to a decision of the correct amount of an attorney's fee. In denying the writ, the Circuit Judge determined that by the appeal which was first in time, the Chancery Court had exclusive jurisdiction to settle all matters in controversy under the record.

The limit of the function of this Court is to determine the rights of the parties to this litigation. At the time, that the Supreme Court is considering this record, a declaration by us of a general rule with regard to the limits and applications of the two appeals provided in Code Sec. 9028, and Code Sec. 8253, is unnecessary because of the peculiar situation which has developed. On the 19th day of September, 1952, the Honorable Ben Robertson,

Chancellor of the 13th Division, that Division to which the appeal under Code Sec. 8253 was directed, certified to the Chief Justice, his inability to hold Court on account of ill health, and thereupon the Chief Justice, on September 22, 1952, designated the Honorable George R. Shepherd, Circuit Judge of the 2nd Circuit, who denied the writ of certiorari, to sit until January 1, 1953, as Special Chancellor for the Honorable Ben Robertson. Judge Shepherd is thoroughly familiar with all the litigation which has affected this estate, and so far as the rights of the parties in the present aspect of the controversy, are concerned, it can make no difference whether Judge Shepherd decides those rights as Circuit Judge or as Special Chancellor.

The assignments of error are overruled and the judgment of the Circuit Judge denying the petition for certiorari is affirmed.